| | |
|---|---|
| 1 | BENJAMIN B. WAGNER<br>United States Attorney |
| 2 | R. STEVEN LAPHAM<br>LEE S. BICKLEY |
| 3 | Assistant United States Attorneys<br>501 I Street, Suite 10-100 |
| 4 | Sacramento, CA 95814<br>Telephone: (916) 554-2700 |
| 5 | Facsimile: (916) 554-2900 |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZHORA DARMOYAN, et. al.,<br><br>Defendants. | CASE NO. 2:11-CR-0467 JAM<br><br>STIPULATION REGARDING <u>CONINUATION OF TRIAL CONFIRMATION HEARING AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT;</u> [PROPOSED] FINDINGS AND ORDER<br><br>DATE: SEPTEMBER 24, 2013<br>TIME: 9:45 A.M.<br>JUDGE: JOHN A. MENDEZ |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants Zhora Darmoyan, Kristine Atoyan, and Martin Atoyan, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial confirmation hearing ("TCH") on September 24, 2013.

2. The Court has previously excluded time under the Speedy Trial Act pursuant to 18

1

U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] from April 16, 2013, until November 4, 2013, the date of the trial.

   3.   On September 18, 2013, the parties became aware that the Court could find no Armenian interpreter for the September 24, 2013 TCH.

   2.   By this stipulation, defendants now move to continue the status conference until October 1, 2013 at 9:45 a.m., and to exclude time between September 24, 2013 and October 1, 2013, under Local Code T1.  Plaintiff does not oppose this request.

   3.   The parties agree and stipulate, and request that the Court find the following:

   a.   Both defendants Zhora Darmoyan and Martin Atoyan need Armenian interpreters for the TCH.  It is the understanding of the parties that no Armenian interpreter is available on September 24, 2013.

   b.   A failure to continue the matter one week would be likely to make a continuation of such proceeding impossible and result in a miscarriage of justice.

   d.   The government does not object to the continuance.

   e.   Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   f.   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 24, 2013 to October 1, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i)[Local Code T1] because it results from a continuance granted by the Court at each defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

   4.   Nothing in this stipulation and order shall preclude a finding that other provisions of

2

the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: September 19, 2013

/s/ *Lee S. Bickley*_____
Lee S. Bickley
Assistant United States Attorney

DATED: September 19, 2013

/s/ *Lee. S. Bickley* for _____
Kresta Nora Daly
Counsel for Defendant Kristine Atoyan

DATED: September 19, 2013

/s/ *Lee. S. Bickley* for _____
Daniel Behesnilian
Counsel for Defendant Zhora Darmoyan

DATED: September 19, 2013

/s/ *Lee. S. Bickley* for _____
J Toney
Counsel for Defendant Martin Atoyan

**O R D E R**

IT IS SO FOUND AND ORDERED this 20th day of September, 2013.

/s/ John A. Mendez_____
HON. JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE